IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRIS FRANKLIN,
ADC #800095                                                                                          PLAINTIFF

5:09CV00293JMM/HLJ

LARRY NORRIS                                                                                         DEFENDANT

ORDER

Plaintiff Franklin originally filed this action pursuant to 42 U.S.C. § 1983, naming as defendants Larry Norris, Gaylon Lay, James Gibson, and Gleenover Knight.  By Order dated September 29, 2009, the Court granted plaintiff's motion to proceed in forma pauperis, and re-designated the case as a petition for habeas corpus relief.  The Court then named Larry Norris as the Respondent and dismissed the remaining defendants.

Plaintiff has filed a motion to reconsider that ruling (DE #9), stating he intended to file a § 1983 petition alleging fraudulent documentation against the defendants, and cites in support Wilkerson v. Dotson, 544 U.S. 74 (2005), and Adams v. Agniel, 405 F.3d 643 (8th Cir. 2005) (holding that an inmate's § 1983 action requesting corrections to his parole record was not an attack on the validity of his confinement required to be pursued through a petition for habeas corpus relief).  Having reviewed plaintiff's motion and the cases cited therein, the Court finds the motion should be granted, and the case should be re-designated as a civil rights action challenging conditions of confinement (555).   In addition, the defendants who were previously dismissed - Gaylon Lay, James Gibson, and Gleenover Knight - should be reinstated.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is therefore required to pay the statutory filing fee of $350 for this action.  Plaintiff submitted a certified copy of his Inmate Trust Fund

Account Statement together with the in forma pauperis application he filed on September 16, 2009 (DE #1).  Based on that information, an initial partial filing fee of $10.33 is assessed by this Order.   If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Director of the Arkansas Department of Correction shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00.  Regardless of the balance in the account, the Director of the Arkansas Department of Correction shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Thereafter, plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to plaintiff's prison trust account each time the amount in the account exceeds $10.00.  The Arkansas Department of Correction is required to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from the plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Having reviewed plaintiff's complaint, the Court finds that service is appropriate for the defendants.  In accordance with the above,

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's motion for reconsideration (DE #9) is hereby GRANTED.[1]

---

[1] The plaintiff is hereby notified of the responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

If at some stage in the litigation of this action, plaintiff decides not to continue to prosecute this action, plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41.

2. The Clerk is directed to re-designate this case as a 555, and to reinstate defendants Lay, Gibson, and Knight.

3. The Director of the Arkansas Department of Correction or his designee shall collect from plaintiff's prison trust account an initial partial filing fee in the amount of $10.33 and shall forward the amount to the Clerk of the Court.  Said payment shall be clearly identified by the name and number assigned to this action.

4. Thereafter, the Director of the Arkansas Department of Correction or his designee shall collect from plaintiff's prison trust account the $339.67 balance of the filing fee by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2).  Those payments also shall be clearly identified by the name and number assigned to this action.

5. Service is appropriate for the defendants Larry Norris, Gaylon Lay, James Gibson, and Gleenover Knight.

6. The Clerk of the Court shall prepare summons for the defendants.

7. The United States Marshal is directed to <u>serve a copy of the complaint and summons</u> on the defendants <u>in care of</u> the Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, AR 71612-0550, without prepayment of fees and costs or security therefore.

---

In addition, if plaintiff has not completely exhausted his administrative remedies as to all his claims, as required by the PLRA, 42 U.S.C. Sect. 1997e, he may file a motion to voluntarily dismiss his unexhausted claims.

8.  The Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612; to the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and to the Warden of the Cummins Unit, P.O. Box 500, Grady, AR 71644-0500.

IT IS SO ORDERED this 15th day of December, 2009.

_____
United States District Judge